OPINION
{¶ 1} Plaintiffs-appellants, Larry A. Cunningham and his wife, Michelle Cunningham,[1] appeal a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Thacker Services, Inc. and related parties, in this slip-and-fall negligence action.
 {¶ 2} On a snowy day in December 1995, Larry Cunningham was purchasing gas at appellees' Shell gas station in German Village when he lost his footing while ascending a handicapped access ramp at the entrance to the station's convenience store. Cunningham's consequent fall resulted in fractures to his left leg and ankle. In his deposition, he described the accident as follows:
A. From the ramp, I actually, as I approached the ramp, was slightly right of center. As I came around, I put my first step, which would have been my right foot up onto the ramp, what would be considered normal step which is probably what? Like 12 inches.
* * *
A. As my right foot hit, I — I remember immediately it — slipped and I did a — like a little two-step-type shuffle as one does to catch their — regain their balance. My foot, my right foot slipped sideways. At that point I hit the paint on the side as I was shuffling slightly backward. And then when my left foot came down, I actually was trying to get balance. I actually stood. My left ankle — my left leg went underneath me and I actually stood on my ankle.
* * *
A. On the outside part of my ankle. And at that point is when I actually heard the upper leg bones snap and felt it snap. And I fell to the ground to my right side and rolled to my — to my back. So it was about a two-step-type shuffle, right leg down, left leg stood on it and then with that immediate pain from stepping on my left leg, I fell to the ground.
(Depo. at 41-42.)
 {¶ 3} In granting summary judgment in favor of appellees, the trial court rejected arguments by appellants that appellees were negligent per se because the ramp did not comply with building code requirements, that destruction of the ramp by appellees prior to appellants' inspection raised a presumption that the ramp was incriminating evidence of appellees' negligence, and that Cunningham's fall was caused by non-natural accumulations of ice and snow on the ramp resulting from appellees' breach of a duty to provide safe access to the convenience store.
 {¶ 4} Appellants now assign the following as error:
Assignment Of Error No. I: The Trial Court Erred As A Matter Of Law In Granting Defendants' Motion For Summary Judgment.
Assignment Of Error No. II: The Trial Court Erred In Granting Defendants' Motion For Summary Judgment As Genuine Issues Of Material Fact Existed.
Assignment Of Error No. III: The Lower Court Wrongfully Excluded Evidentiary Material From Plaintiffs Which Should Have Been Considered In Deciding Upon Defendants' Motion For Summary Judgment, And The Court Further Wrongfully Considered Materials From Defendants Which Should Have Been Excluded.
 {¶ 5} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 7} Appellants' first two assignments of error are related and will be addressed together. Appellants first argue that the trial court incorrectly found that there was no evidence that the yellow paint on the ramp was unduly slippery when wet, that the court should have given weight to evidence that the ramp did not comply with building codes, and that the court should have found the deficiencies of the ramp were a causative factor in Cunningham's fall. Appellants maintain they submitted sufficient evidence of the deficiencies of the ramp to either establish negligence per se or to raise issues of fact sufficient to overcome appellees' summary judgment motion.
 {¶ 8} In asserting that the ramp did not comply with building codes, appellants cite to the Ohio Basic Building Code ("OBBC") found in Ohio Adm. Code Chapter 4101. Even if appellants were able to establish definitively that the ramp in question violated the building code, as an administrative rule, rather than a legislative enactment, the violation of the OBBC could not constitute negligence per se. Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, at syllabus. Moreover, "[a]pplication of negligence per se in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff. It is not a finding of liability per se because the plaintiff will also have to prove proximate cause and damages." Id. at 565.
 {¶ 9} In this case, the facts as averred by Cunningham in his deposition do not support a claim that his injuries were proximately caused by any defects in the ramp. Cunningham's statement that he was already slipping when his foot reached the painted portion of the ramp indicates that it was the accumulation of snow and ice, rather than the type of paint, the slope, or any other feature of the ramp, which caused him to lose his footing and fall.
 {¶ 10} Appellants additionally charge that, once they informed appellees of a possible legal claim, appellees had a duty to protect the ramp as evidence, and that the subsequent destruction of the ramp constituted intentional spoliation of evidence actionable under Ohio law. The elements of a cause of action for interference with or destruction of evidence are: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" Smith v. Howard Johnson Co., Inc. (1993), 67 Ohio St.3d 28, 29.
 {¶ 11} The facts indicate that, in April 1996, appellants' counsel sent and appellees received a letter advising of Cunningham's injuries and indicating that a claim for damages would be forthcoming. In April 1997, the ramp in question was removed and replaced with a new ramp, according to appellees, in an effort by Shell Oil Company to improve handicapped access at its local stations. Considering this evidence, the trial court found that the passage of time between the notice provided to appellees of appellants' claim and the destruction of the ramp, combined with the indication that the destruction occurred as part of a district-wide effort to improve ramps, refuted that the destruction of the ramp was willful or designed to disrupt appellants' case.
 {¶ 12} Appellants respond that the evidence of a district-wide upgrade of ramps is far more tenuous than the trial court recognized, and that appellants were able to create a sufficient issue of fact on this question to overcome summary judgment. However, even if appellees' evidence was inadequate to support a benign motive for destruction of the ramp, the facts as described by Cunningham in his deposition do not indicate that the paint or anything else about construction of the ramp proximately caused him to lose his footing and fall. Rather, the evidence supports the trial court's conclusion that it was the snowy conditions which caused the fall.
 {¶ 13} Appellants maintain the evidence was sufficient to raise a genuine issue of fact as to whether appellees permitted an unnatural accumulation of ice and snow proximately causing Cunningham's injuries; however, the facts and the law do not support appellants' claim. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, syllabus, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. Both Sidle and Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, have established non-liability of an owner of premises when a business invitee's injury results from a natural accumulation of ice and snow, and the danger is so open and obvious that the invitee is expected to be on notice of the hazard. It is only where the plaintiff is able to demonstrate that the owner of premises permitted an unnatural accumulation of ice and snow, or that the owner had superior knowledge of the particular danger, that liability attaches. See, e.g., Brinkman v. Ross (1993), 68 Ohio St.3d 82; Borchers v. Baltes (Sept. 19, 1991), Montgomery App. No. 12688; Community Ins. Co. v. McDonald's Restaurants of Ohio, Inc. (Dec. 11, 1998), Montgomery App. No. 17051.
 {¶ 14} In the case at bar, the evidence clearly established that Cunningham knew it was snowing, and that snow had accumulated on the ground. Appellants argue that appellees created an unnatural condition by salting and shoveling, and that, by assuming a duty to remove snow or address a slippery condition, appellees also assumed a duty to exercise reasonable care in doing so. These arguments were soundly rejected in Community Ins., and cases cited therein. Salting or shoveling does not turn a natural accumulation into an unnatural accumulation; moreover, it is unwise as a matter of public policy to punish business owners who, as a courtesy, attempt to maintain safe sidewalks. Id. The facts, as set forth in the record before us, do not support a finding that appellants created a genuine issue of material fact as to whether appellees permitted an unnatural accumulation of ice and snow which proximately caused Cunningham's injuries. Thus, we overrule appellants' first and second assignments of error.
 {¶ 15} Appellants' third assignment of error charges that the trial court should have considered a transcript of Cunningham's statement to appellees' insurance carrier because attached thereto was an affidavit signed by Cunningham which avers that, after his fall, he heard someone directing an employee of the gas station to again scrape and salt the ramp. The trial court rejected this statement on the basis that it did not meet the requirements of materials properly considered on motion for summary judgment. Given our conclusion that attempts by appellees to alleviate the slippery conditions on its walkways could not constitute evidence that appellees created an unnatural accumulation of ice and snow or that appellees breached a duty to exercise reasonable care in doing so, the trial court's ruling, even if erroneous, would not be reversible error. We thus overrule appellant's third assignment of error.
 {¶ 16} Based upon these considerations, appellants' first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.
[1] Michelle Cunningham is named as a party based upon a claim for loss of consortium.