DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff/Appellant Marisa Faith appeals the Summit County Court of Common Pleas grant of summary judgment in favor of Defendant/Appellees Robert Lindsey and Cliffside Key Club, Inc. We affirm.
 {¶ 2} On November 9, 2007, Faith filed a complaint alleging negligence against Lindsey and Cliffside Key Club, Inc. (collectively "Cliffside") after she fell 15 feet from a railing on to concrete steps at a member-only bar/restaurant, known as Cliffside Key Club, which is owned by Lindsey (the "Club"). On April 24, 2008, Cliffside filed a motion for summary judgment to which Faith responded on May 21, 2008. On July 3, 2008, the trial court granted summary judgment in favor of Cliffside. Faith timely appealed and raises one assignment of error.
 Assignment of Error "The trial court erred in granting summary judgment to [Cliffside], by finding that the record contained no genuine issues of material fact that [the Club] contained *Page 2 
an unsafe condition due to a latent defect on the hand rail/barrier which [Faith] fell from."
 {¶ 3} In her sole assignment of error, Faith argues that the trial court erred when it found there to be no genuine issue of material fact that Cliffside violated its duty to Faith to warn her of a dangerous and latent hazard. Faith maintains that her expert established that the railing from which she fell was in violation of the Ohio Administrative Code ("OAC"), which precludes the application of the open and obvious doctrine.
 {¶ 4} We review a trial court's grant of summary judgment de novo, i.e., we apply the same standard a trial court is required to apply when reviewing a trial court's ruling on a motion for summary judgment.Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. We consider whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Id. We construe the evidence in favor of the nonmoving party, and if, upon review, we determine that reasonable minds could only conclude that judgment should be entered in favor of the movant, summary judgment is appropriate. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-87. The first step for the trial court, however, is to determine whether there are genuine issues of material fact for trial. Byrd v.Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 5} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. After the moving party has met its burden, the nonmoving party must set forth specific facts, in a manner provided by Civ. R. 56(E) that demonstrate that there is a genuine issue for trial. Byrd at ¶ 10. *Page 3 
 {¶ 6} In its motion for summary judgment, Cliffside argued that there was no genuine issue of material fact to establish that any danger associated with the railing was not open and obvious to all patrons and specifically to Faith. Accordingly, Cliffside maintained, it had no duty to warn Faith of any issues with the railing. Cliffside supported its motion by referring to the deposition testimony of Faith. Faith testified that she had been to the Club at least five times and had previously sat on the railing at issue without a problem. Faith stated that nothing had changed with the railing or stairwell since the previous times she had been to the Club. Faith stated that she was aware of the concrete steps behind the railing and that it was "no-brainer" that it would be a dangerous situation if she fell backwards off the railing because "[i]t's all open."
 {¶ 7} In her brief in opposition, Faith argued that the open and obvious doctrine did not bar her claim that Cliffside had a duty to warn her of the dangerous railing because the railing violated the OAC and the Ohio Basic Building Code ("OBBC"). Faith then asserted that the Club did not have a warning sign by the railing and that Lindsey had not inspected the premises for safety violations. In support of her brief in opposition, Faith attached the affidavit of Norman J. Stark, an architect, who stated that the condition of the "low wood railing *** was an extremely dangerous one, in violation of the provisions of the Ohio Administrative Code." Attached to Stark's affidavit was an "Expert Opinion Report Letter," ("Report") which opines that the "handrail" height was in violation of OAC Section 4123:1-3-04 (F)(6)(b). Stark also opined that the condition of the "wood railing structure" was a "serious, dangerous, latent hazard and condition contrary to the intent and specifically applicable provisions of the *** OBBC." Faith also supported her brief in opposition by referring to the deposition testimony of Lindsey related to the inspection issue. *Page 4 
 {¶ 8} In its order, the trial court found that there was no genuine issue of material fact to establish that any dangerous condition was not open and obvious to Faith. The trial court further found that based on this Court's decision in Stein v. Honeybaked Ham Co., 9th Dist. No. 22904, 2006-Ohio-1490, the open and obvious doctrine applies regardless of code violations. Finally, the trial court found that even if it was not bound to follow Stein, Stark's report did not establish a building code violation. We agree with the trial court.
 {¶ 9} In order to establish a claim for negligence, a plaintiff must demonstrate: (1) the existence of a duty; (2) a breach of that duty; and, (3) that the breach proximately caused plaintiff's injuries.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. With regard to the first element of a negligence claim, the Supreme Court of Ohio has held that a premises owner's duties to exercise ordinary care in maintaining the premises and to warn of unreasonably dangerous or latent conditions are negated by the open and obvious doctrine, which "acts as a complete bar to any negligence claims." Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5. "The open and obvious doctrine relates to the threshold issue of duty and provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious." Galo v. CarronAsphalt Paving, Inc., 9th Dist. No. 08CA009374, 2008-Ohio-5001, at ¶ 8, citing Armstrong at ¶ 13.
 {¶ 10} Based on our review of the record, Faith has failed to establish that Cliffside had a duty to warn her of any dangerous condition related to the railing because the condition was open and obvious and Faith failed to establish a violation of any building code.
 {¶ 11} It is undisputed that Faith had been to the Club several times; had previously sat on the same railing; knew of the cement steps behind the railing; knew that falling from the railing would be dangerous; and that there had been no changes to the premises vis-à-vis the *Page 5 
railing between her initial visit to the Club and the date of her fall. Thus, by Faith's own acknowledgement, the condition of the railing vis-à-vis the cement steps was open and obvious. The question then becomes whether there was a genuine issue of material fact that the railing violated a building code so as to negate the impact of the open and obvious doctrine.
 {¶ 12} The issue of whether a violation of an administrative building code provision prohibits the application of the open and obvious doctrine and precludes summary judgment on a negligence claim is currently before the Supreme Court of Ohio. See Lang v. Holly Hill Motelet al, 4th Dist. No. 06CA18, 2007-Ohio-3898, appeal allowed,115 Ohio St.3d 1408, 2007-Ohio-4884, a certified conflict case between the Fourth District Court of Appeals and the Tenth and First District Courts of Appeals.
 {¶ 13} We discussed this issue in Stein, supra. In Stein the plaintiff alleged that the slope of a ramp was in violation of the building code thereby establishing negligence and defeating the impact of the open and obvious doctrine. We held:
 "[A] violation of a building code does not constitute negligence per se and is not conclusive proof of a party's negligence. Rather, evidence of a code violation may be taken into consideration along with all other materials correctly submitted pursuant to Civ. R. 56(E) in order to determine whether a party was negligent." Stein at ¶ 16, citing Chambers, 82 Ohio St.3d at 568.
We then determined that plaintiff's expert's "blanket statement" that the ramp violated a building code, without more, did not establish such violation. Id.
 {¶ 14} As in Stein, our decision here does not rely upon the answer to the certified question and/or the weight of the expert's opinion upon Faith's negligence claim because Faith failed to establish a genuine issue of material fact that the railing violated any administrative building code. *Page 6 
 {¶ 15} The Report stated:
 "Handrail heights are governed by the Ohio Administrative Code, Section 4123:1-3-04, (F)(6)(b):
 "`The height of handrails shall be no more than thirty-seven inches and no less than thirty inches from the upper surface of the handrail to the surface of the tread, in line with the face of the riser or to the surface of the ramp. ***'" (Emphasis sic).
The Report then stated Stark was "able to reconstruct the height of the original handrail *** upon which [Faith] was seated before she fell [to be] approximately 30" to 37" in height." The Report does not, however, state that the railing at issue is a "handrail" as defined by the OAC or any other building code. The Report does not state that the railing violated Section 4123:1-3-04(F)(6)(b) or any other section of the OAC. The Report appears to establish that the height of the railing is in compliance with the OAC. Finally, Stark's blanket statement that the railing violates the OBBC without citing any particular section violated is not sufficient to establish such violation. See Stein at ¶ 16.
 {¶ 16} Based on the foregoing, and our previous determination that any danger related to the railing was open and obvious, Cliffside did not have a duty to warn Faith and there is no genuine issue of material fact as to the first element of Faith's negligence claim. Cliffside is entitled to judgment as a matter of law.
 {¶ 17} Faith's sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. MOORE, J. CONCUR. *Page 1