OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument to this court. Plaintiff-Appellant, Marc Briskey, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Gary Crim Rentals. Briskey sought damages from an injury which occurred on property owned by Crim. The parties raise two issues on appeal.
 {¶ 2} First, Crim argues the trial court properly granted summary judgment to it since Briskey was a licensee on its property rather than an invitee. But Briskey was a guest of Crim's tenant and a landlord owes the same duties to a tenant's guest as the landlord owes to the tenant. In this case, Briskey was not in a common area when he was injured since the injury occurred when he walked down the front steps of a singlefamily residence. Thus, he, like the tenant, was an invitee and Crim owed him the same duty of ordinary care that it owed to the tenant.
 {¶ 3} Second, Briskey argues the trial court erred when it granted summary judgment to Crim by finding the dangerous condition that caused his injury was an open and obvious condition. The trial court's analysis focused on Briskey's knowledge of the surrounding conditions. But the open and obvious doctrine focuses on the nature of the dangerous condition itself, not the nature of the plaintiff's conduct in encountering it. In this case, there is no evidence that the wet paint on the steps was open and obvious. Thus, the trial court erred when it granted summary judgment to Crim on this issue. The judgment of the trial court is reversed and this matter is remanded for further proceedings.
 Facts {¶ 4} Briskey's mother lived in a home she rented from Crim in Youngstown, Ohio. Crim sent painters to Briskey's mother's house to paint its interior and exterior over the course of a couple of days. On the morning of the second day, Briskey was leaving his mother's home, but did not notice that the portions of the steps furthest from the house were freshly painted. Briskey did not grab the railing attached to the house on his right and, without looking down, stepped onto the first stair. His foot slipped out from under him and Briskey fell, injuring himself.
 {¶ 5} Because of this injury, Briskey filed a complaint against Crim. He alleged that Crim's employees acted negligently by failing to warn him that the steps were freshly painted. Crim answered and, after discovery, moved for summary judgment for two reasons: 1) it did not violate its duty of care to Briskey since he was a licensee and 2) it had no duty to warn Briskey of the dangerous condition since it was an open and obvious condition. Briskey responded to this motion and Crim replied to Briskey's response.
 {¶ 6} The trial court granted Crim's motion for summary judgment. The trial court disagreed with Crim's argument that Briskey was a licensee. But it agreed that the danger was an open and obvious danger. Thus, it concluded that Crim's employees did not have a duty to warn Briskey of the danger. It is from this judgment that Briskey timely appeals.
 Standard of Review {¶ 7} Briskey's sole assignment of error argues:
 {¶ 8} "The trial court erred in granting Defendant's motion for summary judgment because genuine issues of material fact existed, and Defendant was not entitled to judgment as a matter of law."
 {¶ 9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. Parenti v. Goodyear Tire Rubber Co.
(1990), 66 Ohio App.3d 826, 829. Thus, our review of that decision is de novo. Id. Under Civ.R. 56, summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v.Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 10} In a motion for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresherv. Burt (1996), 75 Ohio St.3d 280, 296. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 Classification for Premises Liability Purposes {¶ 11} Briskey argues that he was an invitee and, as an invitee, Crim owed him a duty of ordinary care. Crim argues the trial court properly granted summary judgment since Briskey was a licensee rather than an invitee and a licensee can only recover for wanton and willful misconduct.
 {¶ 12} In Ohio, courts use the common-law classifications of invitee, licensee, and trespasser in cases of premises liability to define the scope of the legal duty that the landowner owes the entrant. Gladon v. Greater Cleveland Regional Transit Auth.,75 Ohio St.3d 312, 315, 1996-Ohio-0137. "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." Id. A licensee is a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation. Light v. Ohio University
(1986), 28 Ohio St.3d 66, 68. Finally, one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience is a trespasser. McKinney v. Hartz Restle Realtors, Inc. (1987),31 Ohio St.3d 244, 246.
 {¶ 13} The Ohio Supreme Court has held that "[a] landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." Shump v. FirstContinental-Robinwood Assoc., 71 Ohio St.3d 414, 1994-Ohio-0427, syllabus. Thus, a tenant's social guest enjoys the same status as the tenant for the purposes of premises liability. See McCool v.Hillbrook Apartments (Aug. 23, 1995), 7th Dist. No. 93 C.A. 200. Clearly, a tenant is an invitee on a landlord's premises; a tenant has the express right to come onto the landlord's premises. Thus, a tenant's social guest is also an invitee.
 {¶ 14} Citing Westbrook v. Elden Properties (Apr. 5, 2000), 9th Dist. No. 98CA007257, Crim argues that there is an exception to this general rule if the guest is in a common area. But although Westbrook and the cases it cites say that a guest who is in a common area is a licensee rather than an invitee, the evidence in this case clearly demonstrates that the injury did not occur in a common area. The home in question was a single-family, two bedroom home. The front steps from that home are not a "common area" because they are not common to any other rental property. A parking lot in an apartment complex may be a common area, see Sanders v. Bellevue Manor Apartments (Jan. 3, 1996), 9th Dist. No. 95CA006067, but the front steps to a single-family home clearly are not. Thus, the trial court properly concluded that Briskey was an invitee onto Crim's property.
 Duty {¶ 15} The trial court granted summary judgment to Crim because it concluded that Crim owed no duty to Briskey because the danger was open and obvious. "A landowner owes a duty to an invitee to exercise ordinary care for the invitee's safety and protection." Gladon at 317. "This duty applies to everything that threatens the invitee with an unreasonable risk of harm, including latent dangers that are reasonably ascertainable. The landowner must not only use care to warn of latent dangers of which he is aware but must also inspect the premises for possible unknown dangerous conditions and protect the invitee from foreseeable dangers." Mowery v. Shoaf, 148 Ohio App.3d 403,2002-Ohio-3006, ¶ 27. But an owner has no duty to protect invitees from conditions that either are known to the invitee or are so obvious and apparent that the invitee may reasonably be expected to discover and protect himself against them. Armstrongv. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 16} In Armstrong, the Ohio Supreme Court recently reaffirmed the validity of the open and obvious doctrine in Ohio. When applying this rule, courts "must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Armstrong at ¶ 13.
 {¶ 17} As the Sixth District has pointed out, "[t]he typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking." Demock v. D.C. Entertainment Catering, Inc.,
6th Dist. No. WD-03-087, 2004-Ohio-2778, ¶ 10; Cole v. McCarthyManagement, LLC, 6th Dist. No. L-03-1020, 2003-Ohio-5181, ¶ 11. "It is only where the plaintiff is able to demonstrate that the owner of premises * * * had superior knowledge of the particular danger, that liability attaches." Cunningham v. Thacker Serv.,Inc., 10th Dist. No. 03AP-455, 2003-Ohio-6065, ¶ 13.
 {¶ 18} In this case, we cannot conclude that the danger in this case was open and obvious because of a lack of evidence. Crim attached three depositions, those of Briskey and two of the painters, and pictures of the steps to its motion for summary judgment. The pictures do not help determine whether the wet condition of the paint was open and obvious at the time of the accident. The pictures submitted were taken days after the accident, when the paint on the steps was no longer wet. These are not pictures of a permanent feature, like a guardrail, which caused an accident. The wet nature of paint is, by definition, a transient feature. After the paint dries, it is no longer dangerous. Significantly, neither Briskey nor the two painters testified whether anyone could have noticed that the paint was wet when standing at the top of the steps. Thus, we have no evidence on the central question raised in Crim's motion for summary judgment — whether wet paint on the steps was open and obvious.
 {¶ 19} The only way we could conclude that there was an open and obvious danger in this case is if we took into account facts not in the record (how likely it is that someone will notice wet paint) and construe those facts against Briskey, the novmovant (it is obvious that someone will notice wet paint). This is something we will not do when reviewing a decision granting summary judgment. We cannot conclude that there was an open and obvious danger merely because the paint on the steps was wet when Briskey walked on them. There is no evidence in the record that that fact was open and obvious.
 {¶ 20} We note that Briskey's knowledge of the entire situation may impact a comparative negligence analysis. But that issue deals with causation, not with the existence of a duty. Given the lack of evidence establishing that the wet paint on the steps posed an open and obvious danger, the trial court erred when it granted summary judgment to Crim on this issue.
 {¶ 21} The trial court correctly concluded that Briskey was an invitee rather than a licensee. However, the trial court erred when it found that the wet paint posed an open and obvious danger. Accordingly, Briskey's sole assignment of error is meritorious. The judgment of the trial court is reversed and this cause is remanded for further proceedings.
Waite, P.J., concurs.
Donofrio, J., concurs.