OPINION
{¶ 1} Plaintiff-Appellant, Sandra Gray, appeals the decision of the Belmont County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Totterdale Brothers Supply Company, Inc. Gray was injured when she fell on a sidewalk outside of the Totterdale Brothers store in Martins Ferry, Ohio, and claims that Totterdale Brothers caused her injury by allowing its customers to park on the sidewalk in front of its store. However, the facts, even when viewed in the light most favorable to Gray, show that the danger in this case was open and obvious and attendant circumstances would not have prevented Gray from discovering the danger, so Totterdale Brothers did not owe Gray a duty of care and could not, therefore, be negligent. Thus, the trial court's decision is affirmed.
 Facts {¶ 2} April 16, 2003, was a sunny day in Martins Ferry and Gray decided to walk to the bank to cash a check. While walking back to her house, she had to pass by a business owned by Totterdale Brothers. There was a sidewalk in front of that business. However, when Gray reached that sidewalk, she could not pass because there were at least two vehicles parked on the sidewalk, blocking her path, so Gray had to walk in the street to get around these vehicles. When she got back on the sidewalk after passing the vehicles, she took about three steps before falling on a water cover embedded in the sidewalk. The fall severely broke Gray's ankle.
 {¶ 3} Gray filed a complaint sounding in negligence against Totterdale Brothers on April 6, 2005. Totterdale Brothers moved for summary judgment on October 13, 2006, arguing that the danger was open and obvious and that it did not willfully and wantonly try to injure Gray. It attached Gray's deposition to its motion for summary judgment. Gray responded to this motion on October 20, 2006, without attaching any further evidentiary material. Totterdale Brothers replied to Gray's response on October 31, 2006. On February 8, 2007, the trial court granted summary judgment to Totterdale Brothers.
 {¶ 4} Gray's sole assignment of error argues:
 {¶ 5} "The trial court erred in granting Defendant/Appellee's motion for summary judgment and finding there was no genuine issue of material fact." *Page 2 
 {¶ 6} In making her arguments in support of her assignment of error, Gray has attached many exhibits to her appellate brief which are not found in the trial record. These exhibits include the depositions of William Spinetti, James Totterdale, and Kenneth Neel. Neither Gray nor Totterdale Brothers placed these depositions into the record.
 {¶ 7} We have repeatedly held that "exhibits attached to a brief are not part of the record and cannot be considered on appeal." State v.Klempa, 7th Dist. No. 01 BA 63, 2003-Ohio-3482, at ¶ 11, citingState v. McDowell, 150 Ohio App.3d 413, 2002-Ohio-6712, at ¶ 9. Thus, any reference in Gray's brief to the facts found in these depositions will be disregarded for the purposes of this appeal.
 {¶ 8} In this case, Gray challenges the trial court's decision to grant summary judgment to Totterdale Brothers. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. InterimPersonnel, Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 9} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v.Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of *Page 3 
evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Dresher at 293.
 {¶ 10} In this case, Gray sued Totterdale Brothers for negligence. To sustain a claim of negligence, a plaintiff must show a duty owed by defendant to a plaintiff, a breach of that duty, injury or damages, and the existence of proximate cause between the breach and the injury or damages. Menifee v. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75,77. Totterdale Brothers argues it owed Gray no duty. The existence of a duty is a question of law. Mussivand v. David (1989), 45 Ohio St.3d 314,318.
 {¶ 11} As a general rule, a landowner owes some duty to people on their property, but the exact nature of the duty owed to an individual depends on the status of the individual as an invitee, licensee, or trespasser on the property. Railroad Co. v. Harvey (1907),77 Ohio St. 235, 240. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier.Gladon v. Greater Cleveland Regional Transit Auth., 75 Ohio St.3d 312,315, 1996-Ohio-0137. A licensee is one who enters property with the owner or occupier's permission or acquiescence for purposes beneficial to the licensee and not the owner or occupier. Provencher v. Ohio Dept.of Transp. (1990), 49 Ohio St.3d 265, 266. A trespasser is one who enters property without invitation or permission, purely for his or her own purposes or convenience. McKinney v. Hartz Restle Realtors,Inc. (1987), 31 Ohio St.3d 244, 246.
 {¶ 12} The parties agree that Gray was a licensee of Totterdale Brothers when she was walking on the sidewalk outside of Totterdale Brothers. Ordinarily, a landowner owes no duty to a licensee except to refrain from willful, wanton, or reckless conduct that is likely to injure him. Gladon v. Greater Cleveland Regional Transit Auth.,75 Ohio St.3d 312, 317, 1996-Ohio-0137. Furthermore, an owner of property abutting a public street is not liable for injuries to pedestrians resulting from defects in the sidewalk unless the defects are created or negligently permitted to exist by the owners for their own private use or benefit. Eichorn v. Lustig's, Inc. (1954), 161 Ohio St. 11, syllabus. Finally, a *Page 4 
property owner has no duty to protect a licensee from open and obvious dangers when the conditions are so obvious that a person may be expected to discover them and protect himself or herself against the conditions.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at syllabus.
 {¶ 13} Totterdale Brothers moved for summary judgment on each of these issues (willful and wanton conduct, private use or benefit of public sidewalk, and the open and obvious doctrine) and we must affirm the trial court's decision if any one of these reasons forms a sufficient basis for granting summary judgment. State ex rel. Carter v.Schotten, 70 Ohio St.3d 89, 92, 1994-Ohio-0037. For the reasons given below, we believe the danger in this case was open and obvious and attendant circumstances would not have prevented Gray from discovering the danger. Therefore, we will limit our discussion to this issue.
 {¶ 14} As stated above, a property owner has no duty to protect a licensee from an open and obvious danger which the licensee could be expected to discover and protect herself against. Armstrong at syllabus. "[T[he open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property." Id. at ¶ 11. "[W]hen courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13.
 {¶ 15} The open and obvious rule does not apply when the condition is unreasonably hazardous. Nageotte v. Cafaro Co., 160 Ohio App.3d 702,2005-Ohio-2098, at ¶ 27. Furthermore, the rule does not apply if attendant circumstances prevent the licensee from discovering the otherwise open and obvious danger. Zuzan v. *Page 5 Shutrump, 155 Ohio App.3d 589, 2003-Ohio-7285, at ¶ 15. An attendant circumstance includes any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. Godwin v. Erb,167 Ohio App.3d 645, 2006-Ohio-3638, at ¶ 36. In order to impose liability, "[t]he attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 499.
 {¶ 16} Gray testified that April 16, 2003, was a sunny, dry day. She had walked to the bank in order to cash a check and was walking home along the sidewalk when she approached Totterdale Brothers. At least two vehicles were parked on the sidewalk in front of the store. One of the vehicles was a truck, which was parked so close to the steps of the business that Gray could not pass it to the inside of the sidewalk without climbing over the steps. Accordingly, Gray felt she had to go into the street to walk around this truck.
 {¶ 17} While walking in the street, Gray was not paying close attention to where she was walking because she was watching the traffic in order to avoid getting hit. Indeed, one car passed her from behind while she was walking around the cars parked on the sidewalk. After she passed the parked vehicles, Gray returned to the sidewalk.
 {¶ 18} When Gray returned to the sidewalk, she "had enough time to get back on sidewalk [sic] after I walked around the truck, and took about three steps, and I was in the hole." The hole Gray was referring to was a water meter or shutoff cover in the sidewalk. Gray testified that there was "a distance" between the water cover and the truck, but that it was "not a great distance." Gray testified that she did not see the water cover because she wasn't looking down at the ground; instead, she was looking at the store and the steps into the store. Gray severely broke her ankle when she fell.
 {¶ 19} Gray argues that the water cover was a "hidden danger," but the evidence in the record does not support this conclusion. According to Gray's own testimony, the water cover was "a distance" from the vehicles blocking the sidewalk which took her *Page 6 
"about three steps" to cover. There is no evidence that anything was blocking her view of the water cover after she walked around the vehicles on the sidewalk. Instead, Gray's testimony shows that her own inattention to where she was walking caused her injury.
 {¶ 20} Courts have repeatedly held that "typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking." Nageotte v. CafaroCo., 160 Ohio App.3d 702, 2005-Ohio-2098, at ¶ 28; Hamaoui v. TopsFriendly Markets, 8th Dist. No. 85919, 2005-Ohio-6718, at ¶ 18;Briskey v. Gary Crim Rentals, 7th Dist. No. 04 MA 7, 2004-Ohio-6508, at ¶ 17. This case is not atypical. Many slip and fall accidents happen shortly after a person first has the opportunity to see the danger. For instance, in McCoy v. Kroger Co., 10th Dist. No. 05AP-7, 2005-Ohio-6965, the plaintiff was stepping out of a truck into a dark area and stepped into a drain, which injured him. The court found the danger was open and obvious, even though the plaintiff had little time to observe the danger before he exposed himself to it. In this case, Gray clearly had an opportunity to avoid the danger and would have done so if she had merely watched her step.
 {¶ 21} Gray tries to avoid the application of the open and obvious doctrine to her by arguing that attendant circumstances prevented her from discovering and appreciating the danger. She contends that she had to watch for traffic in order to avoid being struck by a car and, therefore, she could not be expected to pay close attention to where she was walking. However, Gray was not in the street when she was injured. By her own admission, she was looking at the store and its steps, rather than where she was walking, when she was injured and there is no indication that there was anything in particular about the store and its steps which would have prevented Gray from discovering the danger. Accordingly, there were no circumstances when, taken together, diverted Gray's attention, significantly enhanced the danger of the defect, and contributed to the fall.
 {¶ 22} In conclusion, there is not a genuine issue of material fact regarding whether the water cover was an open and obvious danger. Gray's testimony shows that *Page 7 
she could have easily avoided the danger if she had merely been watching where she was walking and that nothing prevented her from discovering the danger in time to avoid it. Accordingly, Totterdale Brothers did not owe a duty of care to Gray and the trial court properly granted summary judgment to Totterdale Brothers. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1