OPINION
{¶ 1} Plaintiff-appellant, Jo-Ann Dominic (Dominic), appeals a decision of the Mahoning County Common Pleas Court awarding summary judgment in favor of defendant-appellee, Marc Glassman, Inc., on her trip and fall claim. The main issues are whether the hazard Dominic tripped on was open and obvious or if attendant circumstances significantly enhanced that hazard.
 {¶ 2} On March 21, 2005, Dominic went to a "Marc's" store in Austintown Township, Ohio. Marc's is owned and operated by Marc Glassman, Inc. (Deposition of Jo-Ann Dominic, August 14, 2007, hereafter Tr., 23.) It was approximately 4:30 in the afternoon on a sunny day. (Tr. 23.) As she approached the store, she noticed "a lot" of pedestrian traffic — people entering the store and people exiting the store with their shopping carts. (Tr. 30-36.) In an attempt to avoid some of that pedestrian traffic, she walked along a sidewalk at the corner of the store. (Tr. 39-40.) As she rounded the corner she tripped on any eyebolt. (Tr. 36-37.) She did not notice the eyebolt until she had fallen to the ground. (Tr. 41-21.) As a result, she sustained facial and bodily injuries.
 {¶ 3} On February 9, 2007, Dominic filed a complaint in the Mahoning County Common Pleas Court against Marc Glassman, Inc. on the basis of premises liability. Believing the eyebolt to be an open and obvious hazard, Marc's moved for summary judgment on Dominic's claim. Dominic responded with a memorandum in opposition. On February 21, 2008, a magistrate agreed that the eyebolt was an open and obvious hazard and awarded summary judgment in favor of Marc's. Dominic filed objections to the magistrate's decision with the trial court. On March 31, 2008, the trial court adopted the magistrate's decision, also finding that the danger was open and obvious. This appeal followed.
 {¶ 4} Dominic raises two assignments of error which can be addressed simultaneously. They state, respectively:
 {¶ 5} "The trial court erred when it ruled that the Open and Obvious Doctrine applied to the case at hand." *Page 2 
 {¶ 6} "The trial court erred when it granted the Defendant's Motion for Summary Judgment."
 {¶ 7} As an initial, procedural matter, Dominic has attached to her brief photocopies of an affidavit and photographs of the eyebolt. The affidavit is her own, in which she describes the circumstances surrounding her fall and incorporates the photographs by reference as an accurate depiction of the eyebolt that she tripped on. Marc's argues that exhibits attached to an appellate brief are not part of the record and cannot be considered on appeal, citing this court's decision inGray v. Totterdale Bros. Supply Co., Inc., 7th Dist. No. 07 BE 11,2007-Ohio-4992. While that is true, the exhibits to which Marc's refers, Dominic attached as exhibits to her January 23, 2008 motion in opposition's to Marc's motion for summary judgment. (Docket 23.) Consequently, they are properly a part of the record and that rule has no application here.
 {¶ 8} Turning to the substantive merits of the appeal, an appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314,2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66, 8 O.O.3d 73, 375 N.E.2d 46; Civ. R. 56(C).
 {¶ 9} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must *Page 3 
be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264.
 {¶ 10} The "portions of the record" or evidentiary materials listed in Civ. R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.
 {¶ 11} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 12} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc.,Inc. (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248,106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 13} Here, the claim is negligence. A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. Anderson v. St. Francis-St. George Hosp., Inc. (1996),77 Ohio St.3d 82, 84, 671 N.E.2d 225. The open and obvious doctrine relates to the first element of negligence, duty. Armstrong v. Best Buy Co.Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13. "The existence of a duty in a negligence action is a question of law for the court to determine." Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265. *Page 4 
Here, it is undisputed that Dominic was a business invitee on Marc's property. Generally, in premise-liability situations, the property owner has a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v. Norwood (1973),36 Ohio St.2d 29, 31, 65 O.O.2d 129, 202 N.E.2d 81; Light v. OhioUniversity (1986), 28 Ohio St.3d 66, 67, 28 OBR 165, 502 N.E.2d 611. But, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus.
 {¶ 14} In addition to the open and obvious exception to the general rule of premises liability, there exists an exception to that exception. In Zuzan v. Shutrump, 155 Ohio App.3d 589, 2003-Ohio-7285,802 N.E.2d 683, at ¶ 15, this court explained the exception to the doctrine:
 {¶ 15} "Attendant circumstances are attractions or distractions that divert or obscure the attention of the pedestrian, thereby significantly enhancing the danger of the defect and contributing to the fall. Attendant circumstances are such that it would come to the attention of a reasonable invitee in the same circumstance and reduce the degree of care that an ordinary person would exercise. Huey v. Neal,152 Ohio App.3d 146, 2003-Ohio-391[, 787 N.E.2d 23]. `[A]n attendant circumstance is the circumstance which contributes to a fall and a circumstance which is beyond the control of the injured party.' Backus v. Giant Eagle
(1996), 115 Ohio App.3d 155, 158[, 684 N.E.2d 1273]. Examples of possible attendant circumstances include heavy vehicular or pedestrian traffic in the vicinity of the sidewalk, poor lighting that causes shadows to be cast over the sidewalk, or a foreign article or substance on the sidewalk. Hudak v. 510 Gypsy Lane, Inc. (Mar. 26, 1999), 11th Dist. No. 98-T-0129."
 {¶ 16} Dominic's principal argument is that the eyebolt was not open and obvious. In support, she points to the photographs of the area near where she fell. She states that they reveal that the eyebolt was "camouflaged" by defects in the concrete and that it was so small as to be "hidden and concealed from view and not discoverable upon ordinary inspection." Additionally, she argues that attendant circumstances exacerbated the hazard posed by the eyebolt. She points to the facts *Page 5 
that the eyebolt was on a corner near the entrance to the store and the volume of traffic entering and exiting the store.
 {¶ 17} Marc's argues that the eyebolt was an open and obvious hazard. To illustrate, Marc's likens this case to Gray, supra. In Gray, the plaintiff fell on a water cover embedded in the sidewalk. This court observed, "There is no evidence that anything was blocking [plaintiff's] view of the water cover after she walked around the vehicles on the sidewalk. Instead, [her] testimony shows that her own inattention to where she was walking caused her injury." Gray, 7th Dist. No. 07 BE 11,2007-Ohio-4992, at ¶ 19. As for attendant circumstances, Marc's argues that Dominic failed to offer any evidence that the possible attendant circumstances "actually distracted her," citing Jenks v. City ofBarberton, 9th Dist. No. 22300, 2005-Ohio-995.
 {¶ 18} The facts, even when viewed in a light most favorable to Dominic, demonstrate that the danger in this case was open and obvious and attendant circumstances would not have prevented Dominic from discovering the danger, so Marc's did not owe Dominic a duty of care and could not, therefore, be negligent. In the trial court below, both parties submitted copies of photographs of the eyebolt and its location. Upon review, it is plainly obvious that the eyebolt was visible to all those who may have encountered it. It was a sunny day when Dominic fell and she testified that nothing obstructed her view of the sidewalk. (Tr. 30-31.) After she had fallen, she testified that she was able to see the eyebolt. (Tr. 41-42.)
 {¶ 19} Dominic did indicate that she was attempting to avoid pedestrian traffic entering and exiting the store. However, it is not clear whether the traffic could be characterized as heavy and, thus, constitute an attendant circumstance. Even construing the evidence in a light most favorable to Dominic, her testimony was not enough to establish that the pedestrian traffic significantly enhanced the danger of the defect and contributed to her fall. Zuzan, supra.
 {¶ 20} This case represents the typical one where the plaintiff simply had not been watching where they were walking. Pedestrians are expected to take proper precautionary measures while walking. See Nageotte v.Cafaro Co., *Page 6 160 Ohio App.3d 702, 2005-Ohio-2098, 828 N.E.2d 683, at ¶ 28; Briskey v. Gary CrimRentals, 7th Dist. No. 04 MA 7, 2004-Ohio-6508, at ¶ 17. For instance, this court has stated that "[t]here is a paramount duty upon a pedestrian to look where he may be walking." Backus v. Giant Eagle,Inc. (1996), 115 Ohio App.3d 155, 158, 684 N.E.2d 1273. Here, Dominic did not exercise proper precautionary measures, especially considering the path she chose to take. Upon reviewing the photographic evidence, the eyebolt that she tripped on was at the corner of a sidewalk very near a stone column at the edge of the building. (Tr. 16-17.) The raised concrete where the eyebolt was located lies between the column and the parking lot and is approximately two inches deep and four inches wide. (Tr. 16-17.) Simply put, the area where Dominic tripped appears too narrow for normal pedestrian traffic and a proper precautionary measure would have been to avoid traversing it at all.
 {¶ 21} In sum, there appears no genuine issue of material fact regarding whether the eyebolt was an open and obvious danger. Dominic's testimony shows that she could have easily avoided the danger if she had merely been watching where she was walking and nothing significant prevented her from discovering the danger in time to avoid it. Therefore, Marc's did not owe a duty of care to Dominic as it pertains to the eyebolt and the trial court properly granted summary judgment to Marc's.
 {¶ 22} Accordingly, both of Dominic's assignments of error are without merit.
 {¶ 23} The judgment of the trial court is hereby affirmed.
 Vukovich, J., and Waite, J., concurs. *Page 1