DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Connie and Edward Dunigan, appeal from the summary judgment order of the Lorain County Court of Common Pleas, which found in favor of Appellee, Metropolitan Property and Casualty Insurance Company ("Metropolitan"). We affirm.
 I. {¶ 2} In August 1998, Mrs. Dunigan was a passenger in a car involved in a car accident with another vehicle. Appellants did not own the car in which Mrs. Dunigan was a passenger. The owner of the vehicle in which Mrs. Dunigan was a passenger had uninsured motorist coverage under State Farm Mutual Automobile Insurance Company ("State Farm"). The owner of the other vehicle involved in the accident was insured for automobile liability insurance by Motorist Mutual, which paid out its $50,000.00 policy limit to Mrs. Dunigan as a result of her injuries in this accident. State Farm paid $50,000.00 according to their UM/UIM limit, which represents State Farm's $100,000.00 policy limit less the amount paid by Motorist Mutual. At the time of the accident, Appellants had a personal automobile insurance policy with Metropolitan.
 {¶ 3} While pursuing claims against the tortfeasor, Appellants also pursued potentially available underinsured motorist coverage, including excess underinsured motorist coverage through Metropolitan.1
Because Appellants were not able to produce their own copy of the policy applicable at the time of the accident, Appellants had their counsel contact Metropolitan to request a copy of the policy. Metropolitan mailed a copy of the policy to Appellants. Appellants submitted a claim to Metropolitan under the terms of the policy obtained by counsel, and Metropolitan denied Appellants' claim.
 {¶ 4} On March 22, 2002, Appellants filed a complaint in the Lorain County Court of Common Pleas, seeking, inter alia, declaratory judgment with respect to their rights under the Metropolitan policy.2
Metropolitan filed a motion for summary judgment, supporting the motion with a certified and notarized insurance policy containing coverage terms different from those contained in the policy that Metropolitan sent to Appellants' counsel, as discussed infra. In its brief in support of the motion, Metropolitan contended that since the policy submitted with the motion is certified and notarized and that the policy first sent to Appellants was not, the former policy should govern the disposition of the case in front of the common pleas court.
 {¶ 5} The common pleas court issued an order granting Metropolitan's motion, finding that "no genuine issue of material fact regarding what policy and/or language was in effect at the time of [Mrs.] Dunigan's accident[,]" and that Metropolitan was entitled to judgment as a matter of law. The court reasoned that Appellants' policy was "neither notarized or certified by any authorized insurance representatives[,]" and that "[a] notarized and certified copy of the policy claimed to be in full force and effect during the accident had been submitted by [Metropolitan.]" The court also stated that "[s]ince the amount received by [Mrs. Dunigan] equals the policy limits of [Metropolitan's] policy, [Metropolitan] has no duty to pay any additional amounts to [Appellants]." It is from the common pleas court's decision granting Metropolitan's summary judgment motion that Appellants now appeal.
 {¶ 6} Appellants timely appealed, asserting one assignment of error.
 II. Assignment of Error
"It was error for the trial court to grant summary judgment when the evidence demonstrated a genuine issue of fact as to the insurance policy which was in effect at the time of the accident."
 {¶ 7} In their sole assignment of error, Appellants aver that the common pleas court erred when it granted summary judgment, because a genuine issue of fact remained. Specifically, Appellants contend that the version of the Metropolitan insurance policy in effect at the time of Mrs. Dunigan's accident remains at issue. We disagree.
 {¶ 8} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Dresher, 75 Ohio St.3d at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material which shows a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a granting of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs.,Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208.
 {¶ 10} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C). However, a document type not expressly mentioned in Civ.R. 56(C) may be considered by the court if it is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Modon v. Cleveland (1999), 9th Dist. No. 2945-M, citingBowmer v. Dettelbach (1996), 109 Ohio App.3d 680, 684. Civ.R. 56(E) provides that this affidavit must be made on personal knowledge, and that a sworn or certified copy of the document referred to in the affidavit must be attached to or served with the affidavit. "`Personal knowledge' has been defined as `knowledge of factual truth which does not depend on outside information or hearsay.'" Modon, supra, quoting Wall v. FirelandsRadiology, Inc. (1995), 106 Ohio App.3d 313, 335. The requirement that the papers be sworn or certified is satisfied by a certification contained within the paper itself. Wall, 106 Ohio App.3d at 334, citingOlverson v. Butler (1975), 45 Ohio App.2d 9, 12.
 {¶ 11} In the instant case, Metropolitan submitted with its motion a copy of the policy it asserts was in effect at the time of the accident in August 1998. The policy is accompanied by a declarations page, which notes UM/UIM bodily injury coverage of $100,000.00 per person or $300,000.00 per accident. The "Limit of Liability" provision for the UM/UIM section of this policy reads as follows:
"Limit of Liability
"The limit of liability shown in the Declarations for `each person' is the most we will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out ofbodily injury sustained by any one person as the result of any one accident. Subject to this limit for `each person', the limit shown in the Declarations for `each accident' for bodily injury liability, is the most we will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out ofbodily injury sustained by two or more persons resulting from any one accident. This is the most we will pay regardless of the number of:
"1. covered persons;
"2. claims made;
"3. vehicles or premiums shown in the Declaration; or
"4. vehicles involved in the accident." (Emphasis sic.)
 {¶ 12} At the bottom of the declarations page appears the following stamp:
"The foregoing information was acknowledged before me This ______________ by _________________
"NOTARY:_____________"
 {¶ 13} This stamp is dated January 21, 2003, is signed, and is accompanied by a notary signature and stamp. The declarations page also notes a policy number 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-0, an effective date of March 21, 1998, and an expiration date of September 21, 1998. In addition to the declarations page, Metropolitan submitted a certification, printed on a page with the Metropolitan company logo, which reads as follows:
"This is to certify that the policy language contained in the attached is a true and accurate representation of the insurance policy and/or declarations page for Edward C. Dunigan Policy # A 400 76 0275-0 as of8-18-98.
 Signed by:
 Notary:
 Date:"
 {¶ 14} This certification is signed and dated, and is also accompanied by a notary signature and stamp.
 {¶ 15} Appellants maintain that Metropolitan did not submit their version of the policy in accordance with Civ.R. 56(E). Specifically, they claim that the policy was not accompanied by an affidavit or other showing of personal knowledge of the fact that this policy was indeed the policy in effect at the time of the incident. Appellants concede that this argument may have been waived because of the fact that they did not raise this issue in front of the common pleas court. Generally, if a party fails to make a timely objection or motion to strike improperly brought documents, this error is waived. See Phoenix Techs., Inc. v. North CoastLatex Corp. (Dec. 13, 1995), 9th Dist. No. 17254; Shamberger v. NHVPhysicians Prof. Corp., 9th Dist. No. 21416, 2003-Ohio-4390, at ¶ 19 (Slaby, J., concurring in judgment only), citing Rodger v. McDonald'sRestaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256, 258, fn. 7.
 {¶ 16} In a circumstance where the opposing party fails to raise an objection to improperly-brought evidence in a summary judgment context, the trial court nevertheless has the discretion to consider such evidence when it determines whether summary judgment is appropriate. Modon,
supra, citing Bowmer, 109 Ohio App.3d at 684. See, also, Cementech, Inc.v. Fairlawn, 9th Dist. No. 21282, 2003-Ohio-2632, at ¶ 13. Based on the foregoing analysis of the documents submitted by Metropolitan along with its version of the insurance policy, we cannot conclude that Metropolitan did not comply with the requirements of Civ.R. 56. Notwithstanding, we observe that, in any event, it was within the common pleas court's discretion to consider any improperly-brought documents, if such improper documents in fact existed, in its determination of Metropolitan's summary judgment motion. See Modon, supra, citing Bowmer,109 Ohio App.3d at 684.
 {¶ 17} Appellants also argue that they have submitted sufficient evidence to support a finding that their version of the policy was the policy in effect at the time of the accident. In support of their brief in opposition to Metropolitan's motion, Appellants filed with the common pleas court a copy of the policy they claim is the correct policy, and accompanied the policy with an affidavit of their counsel. The affidavit states that counsel called Metropolitan to request a copy of the policy in effect on August 18, 1998, and that the copy of the policy attached to this affidavit is the policy that Metropolitan sent to counsel pursuant to his request. The policy consists of a declarations page noting UM/UIM bodily injury coverage of $100,000.00 per person, or $300,000.00 per accident. Additionally, the policy does not contain a provision allowing for the compression of all bodily injury and consortium claims arising out of one injury into a single per-person limit, as authorized by R.C.3937.18(H).3 This policy's "Limit of Liability" provision of the UIM subsection states the following:
"Limits of Liability
"The limit shown in the Declarations for `each person' is the maximumwe will pay to any one person for all damages resulting from any one accident. The limit shown in the Declarations for `each accident' is the maximum we will pay to two or more persons. * * * This is the most we
will pay regardless of the number of:
"1. Covered persons; or
"2. Claims made; or
"3. Vehicles of premiums shown in the Declarations;
or
"4. Vehicles involved in the accident." (Emphasis added.)
 {¶ 18} The declarations page also shows a policy number 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-0, an effective date of March 21, 2000, and an expiration date of September 21, 2000; copies of insurance identification cards submitted by Appellants with the declarations page and policy mirror this information. However, the declarations page, the copy of insurance cards, and the policy itself are not notarized, signed, or certified by any individual. Additionally, the affidavit of Appellants' counsel does not serve as a sufficient affidavit in accordance with Civ.R. 56(E), since counsel did not likely possess any personal knowledge that this policy is the true and genuine policy in effect at the time of Mrs. Dunigan's accident. See Johnston v. Great Lakes Constr. Co. (Feb. 28, 1996), 9th Dist. No. 95CA006111; Civ.R. 56(E).
 {¶ 19} Appellants have submitted an insurance policy that is uncertified and is not notarized. Appellants' suggestion, that, a copy of an insurance policy, unaccompanied by a certification or notarization and supported solely by an affidavit of counsel showing no indicia of personal knowledge, is sufficient to satisfy Appellant's burden, lacks merit. Therefore, we must conclude that Appellants have not met their burden on summary judgment to show that a genuine dispute over material facts actually exists. See Dresher, 75 Ohio St.3d at 293.
 {¶ 20} Because Appellants have failed to demonstrate that a genuine issue of material fact remained to be litigated, we cannot say that the common pleas court erred when it found that the policy submitted by Metropolitan governed the instant case; that no genuine issue of material fact remained; and that Metropolitan was entitled to judgment as a matter of law. See Temple, 50 Ohio St.2d at 327. In light of the foregoing, this Court finds that the common pleas court did not err in granting summary judgment in favor of Metropolitan. Accordingly, Appellants' sole assignment of error is overruled.
 III. {¶ 21} Appellants' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
For the court Whitmore, J. Concurs.
1 Mrs. Dunigan also asserted a claim for personal injuries, and Mr. Dunigan asserted a claim for loss of services and consortium.
2 Also named as defendants in this suit were State Farm and National Union Fire Insurance Company ("National Union"). In the complaint Appellants also asserted a bad faith claim against State Farm and National Union. Additionally, Metropolitan asserted a cross-claim against State Farm and National Union. However, both Appellants' claims and Metropolitan's cross-claim against State Farm were dismissed. National Union filed a motion to bifurcate/stay Appellants' bad faith claim against them, which was granted. The only pertinent pending claims against National Union at issue in the instant matter are those regarding National Union's coverage liability in the instant case.
3 R.C. 3937.18 was amended in 1997 by H.B. 261, to provide the following:
"Any automobile liability or motor vehicle policy of insurance * * * that provides a limit of coverage for payment for damages for bodily injury, * * * sustained by any one person and in any one automobile accident, may * * * include terms and conditions to the effect that allclaims resulting from or arising out of any one person's bodily injury* * * sustained by one person, and, for the purpose of such policy limitshall constitute a single claim. Any such policy limit shall beenforceable regardless of the number of insureds, claims made, vehiclesor premiums shown in the declarations or policy, or vehicles involved inthe accident." R.C. 3937.18(H).