[Cite as *Leondard v. Georgesville Ctr., L.L.C.*, 2013-Ohio-5390.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward Leonard, Treasurer,<br>Franklin County, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | | |
| | : | No. 13AP-97 |
| | | (C.P.C. No. 11CV-2002) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Georgesville Center, LLC et al., | : | |
| | | |
| Defendants-Appellants, | : | |
| | | |
| Oak Hill Banks [n.k.a. WesBanco<br>Bank, Inc.] et al., | : | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on December 10, 2013

*Griffith Law Offices*, and *Matthew J. Roda*, for appellants.

*Law Office of Jeffrey B. Sams, LLC*, and *Jeffrey B. Sams*, for appellee WesBanco Bank, Inc.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendants-appellants, Georgesville Center, LLC and Ashraf Ettayem, appeal from the January 9, 2013 judgment of the Franklin County Court of Common Pleas denying their motion to vacate the trial court's March 7, 2012 grant of summary judgment in favor of appellee, WesBanco Bank, Inc., and the trial court's March 22, 2012 judgment decree in foreclosure. For the following reasons, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On February 11, 2011, plaintiff-appellee, the Franklin County Treasurer, Edward Leonard, filed a complaint naming, among others, appellant Georgesville Center, LLC ("Georgesville") and Oak Hill Banks ("Oak Hill") as defendants in a foreclosure action.  The complaint alleged, generally, that Georgesville owned a piece of property with the physical address of 411 Georgesville Road, Columbus, Ohio 43228, and that Georgesville owed delinquent property taxes for that piece of land.  The complaint also noted that Oak Hill may claim some interest in the property pursuant to a mortgage and assignment of rents recorded on April 26, 2006.

{¶ 3}  On April 12, 2011, appellee, WesBanco Bank, Inc. ("WesBanco") answered the Treasurer's complaint as the successor by merger to Oak Hill.  On July 22, 2011, Georgesville answered the Treasurer's complaint admitting that it owned the property described in the complaint, and that Oak Hill may claim an interest in the property pursuant to the mortgage and assignment of rents referenced in the complaint.

{¶ 4}  On September 1, 2011, WesBanco filed a counterclaim and cross-claim seeking foreclosure and other equitable relief against Georgesville and appellant Ashraf Ettayem ("Ettayem").  WesBanco claimed that it was the holder of a promissory note ("note") that was secured by a mortgage and assignment of rents ("mortgage") recorded on April 26, 2006.  WesBanco claimed that Georgesville was in default because it failed to make payments to the bank and pay property taxes.  WesBanco also claimed that Ettayem was personally liable for the payment obligations of Georgesville pursuant to a guaranty.  WesBanco presented itself as the successor by merger to Oak Hill, and attached to the counterclaim and cross-claim a copy of a certificate of merger from the state of West Virginia, which stated, in pertinent part:

> I, Betty Ireland, secretary of state of the state of West Virginia, hereby certify that by the provisions of the West Virginia code, articles of merger were received and filed, merging Oak Hill Banks, a non-qualified OH organization, with and into WesBanco Bank, Inc., a qualified WV organization. Therefore, I hereby issue this certificate of merger given under my hand and the great seal of the state of West Virginia on this day of April 24, 2008.

(Emphasis deleted.)  (R. 62, exhibit A.)  Also attached was a copy of a certification signed by an assistant secretary at WesBanco, Linda Woodfin, which stated "effective April 25, 2008, * * * transactions affecting the former Oak Hill Banks are now legally transacted under the name of WesBanco Bank, Inc."  (R. 62, exhibit A.)  WesBanco further attached copies of the note executed by Georgesville in favor of Oak Hill evidencing the loan to buy the property subject to foreclosure, the mortgage entered between Georgesville, as mortgagor, and Oak Hill, as mortgagee, and the guaranty executed by Ettayem guaranteeing Georgesville's payments on the note.

{¶ 5}  On November 17, 2011, WesBanco filed a motion for summary judgment asserting that there was no genuine issue of material fact as to whether Georgesville and Ettayem were in default under the terms of the note, mortgage, and guaranty.  Therefore, WesBanco requested foreclosure of the mortgage and judgment in its favor for the amount due and owing on the note.  WesBanco supported its motion with copies of the West Virginia certificate of merger, the certification by Linda Woodfin, the note in favor of Oak Hill, together with two allonges identifying WesBanco as the lender, the mortgage, and the guaranty.  Those documents were accompanied by an affidavit executed by Jack Green, a vice president at WesBanco.  Green attested that the certificate of merger, the note together with the allonges, the mortgage, and the guaranty were all true and accurate copies.  He further stated that Georgesville and Ettayem were in default.

{¶ 6}  On December 30, 2011, Georgesville and Ettayem responded with a memorandum contra.  They argued that the doctrines of laches and equitable estoppel served to create genuine issues of material fact, which rendered summary judgment inappropriate.  Georgesville and Ettayem provided an affidavit executed by Ettayem in support of their position.  In the affidavit, Ettayem stated he executed the note and mortgage as the sole member of Georgesville and the personal guarantor.  He also described a relationship with WesBanco and its vice president and affiant, Jack Green, that pre-dated the underlying lawsuit.  Ettayem identified another lawsuit that created financial difficulties for him.  He stated, as a result of that lawsuit, he was able to stay current on his payments to WesBanco but he was not able to pay the property taxes due to the Treasurer.  Ettayem claimed he had personal conversations with Green about this issue, and that Green understood the situation created by the other lawsuit because

WesBanco had previously provided financing for the property at issue in that case. Ettayem further claimed that Green agreed to remain patient with the tax situation relevant to the instant case as long as Ettayem stayed current on his payments to WesBanco under the note.

{¶ 7}  In opposition to the motion for summary judgment, Georgesville and Ettayem did not argue that WesBanco lacked standing to bring its cross-claim, that WesBanco was not the successor by merger to Oak Hill, or that WesBanco was not the real party in interest.

{¶ 8}  On March 7, 2012, the trial court granted WesBanco's motion for summary judgment finding no genuine issue of material fact affecting WesBanco's right to foreclosure.  A corresponding judgment decree in foreclosure was issued on March 22, 2012.  Georgesville and Ettayem did not appeal from either the grant of summary judgment or the judgment decree in foreclosure.

{¶ 9}  Instead, on November 14, 2012, Georgesville and Ettayem filed a motion to vacate the March 7, 2012 grant of summary judgment in favor of WesBanco, and the March 22, 2012 judgment decree in foreclosure, asserting they were void.[1]  Georgesville and Ettayem claimed that the certificate of merger attached to WesBanco's cross-claim and motion for summary judgment was a copy, and Linda Woodfin, in her certification, and Jack Green, in his affidavit, did not properly authenticate the copy.  Georgesville and Ettayem argued this documentation, taken together, was insufficient to establish WesBanco had standing and was the real party in interest, as opposed to Oak Hill; therefore, the trial court lacked jurisdiction to rule in WesBanco's favor, and any such judgments were void.  Georgesville and Ettayem relied on the Supreme Court of Ohio's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, for the proposition that standing must exist at the commencement of a foreclosure action such as this.

{¶ 10} WesBanco responded in opposition on November 27, 2012.  WesBanco argued that the assertions made in its cross-claim, the documentation attached to its cross-claim, and its undisputed summary judgment evidence established that WesBanco

---

[1] Appellants did not cite a civil rule, statute or any other authority as the basis for their motion to vacate.

was the real party in interest with standing to seek foreclosure. WesBanco asserted it acquired its status through the merger with Oak Hill in 2008, as evidenced by the documentation provided; thus, it had standing when it filed its cross-claim on September 1, 2011.

{¶ 11} On January 9, 2013, the trial court denied Georgesville and Ettayem's motion to vacate. It is from that judgment, Georgesville and Ettayem (together "appellants") now appeal to this court.

## II. ASSIGNMENT OF ERROR

{¶ 12} Appellants present one assignment of error for our review:

> The trial court erred when it denied Defendants', Georgesville Center, LLC ("Georgesville") and Ashraf A. Ettayems [sic] ("Ettayem") motion to vacate summary judgment for the reason that Defendant, WesBanco Bank, Inc. ("WesBanco") had failed to establish that it was the real party in interest. Therefore, until such showing is made, the trial court lacks jurisdiction.

## III. DISCUSSION

{¶ 13} We begin by noting that appellants are not appealing the trial court's March 7, 2012 decision and order granting summary judgment in favor of WesBanco, nor are they appealing the trial court's March 22, 2012 judgment decree in foreclosure. The time to appeal those orders has long since passed. *See* App.R. 4(A). Therefore, we lack jurisdiction to consider those orders. *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. No. 10AP-39, 2010-Ohio-3746, ¶ 8.

{¶ 14} Appellants are appealing from the trial court's January 9, 2013 judgment denying their motion to vacate the aforementioned March 2012 orders. Pursuant to their sole assignment of error, appellants argue that WesBanco failed to establish it was the real party in interest, and failed to establish standing at the time it filed its cross-claim for foreclosure against appellants. As a result, appellants contend, the trial court lacked jurisdiction to enter judgment against them in favor of WesBanco. We disagree. The trial court did not err in denying appellants' motion to vacate, and WesBanco did establish it was the real party in interest with standing to assert its foreclosure rights.

{¶ 15} In *Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. No. 13AP-198, 2013-Ohio-4884, we recently addressed arguments so similar to those of appellants, that our decision in *Finney* is controlling in this case. In *Finney*, the trial court entered a default mortgage foreclosure judgment against the Finneys and in favor of the appellee bank in 2008. *Id.* at ¶ 4. A timely appeal was not taken. *Id.* In 2012, the Finneys filed a motion requesting relief from judgment "pursuant to common law and/or Civ.R. 60(B)(5)." *Id.* at ¶ 6. That motion cited the Supreme Court of Ohio's decision in *Schwartzwald*, and asserted that the trial court lacked subject-matter jurisdiction to enter the default judgment because the bank "lacked standing at the time the Complaint was filed." *Id.* The trial court denied that motion and the Finneys appealed that decision to this court. *Id.* at ¶ 7, 9.

{¶ 16} On appeal, the Finneys abandoned Civ.R. 60(B) as a basis for their arguments. *Id.* at ¶ 11. Accordingly, we proceeded with our analysis based solely on the Finneys' assertion that the trial court should have used its inherent authority under the common law to vacate a void judgment. *Id.* The Finneys argued that "the trial court lacked subject-matter jurisdiction to enter the default judgment because [the bank] did not demonstrate that it had standing as the real party in interest at the time it filed the foreclosure action" and, thus, the default judgment was void. *Id.* at ¶ 12. Applying a de novo standard of review, we assessed the Finneys' challenge to the trial court's subject-matter jurisdiction. *Id.* at ¶ 14.

{¶ 17} In deciding the matter, we clarified this court's understanding of the Supreme Court's discussion of jurisdiction in *Schwartzwald*. We do not believe the Supreme Court was referring to either personal jurisdiction or subject-matter jurisdiction. *Finney* at ¶ 16. Instead, we explained in *Finney* that *Schwartzwald* refers to "jurisdiction" in a third sense of the word as follows:

> The term "jurisdiction" is also used when referring *to a court's exercise of its jurisdiction over a particular case. See State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. " 'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses *the trial court's authority to determine a specific case within that class of cases that is within its*

> *subject matter jurisdiction.*   It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.' "

(Emphasis sic.)   *Id.* at ¶ 17, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12.  Accordingly, we stated:

> Where an action is brought by a plaintiff who lacks standing, the action is not justiciable because it fails to present a case or controversy between the parties before it. * * * But the court's lack of "jurisdiction," i.e., its ability to properly resolve a particular action due to the lack of a real case or controversy between the parties, does not mean that the court lacked subject-matter jurisdiction over the case.

*Finney* at ¶ 24.  We decided " 'a lack of standing does not deprive a court of subject matter jurisdiction.' "  *Id.* at ¶ 26, quoting *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636, ¶ 27.[2]

{¶ 18} Based on this analysis, we concluded in *Finney* that "a default judgment issued in a case in which the plaintiff lacked standing is, at best, voidable and not void." *Finney* at ¶ 26.  Thus, although possessing inherent authority to vacate a void judgment, the trial court correctly refused to exercise that inherent authority because the default judgment was not void.  The trial court, therefore, did not err in overruling the Finneys' common-law motion to vacate the default judgment.  *Id.*

{¶ 19} The doctrine of stare decisis now dictates that we apply the same analysis to the case at bar.  We review appellants' jurisdictional challenge de novo.  *Id.* at ¶ 14; *L & F Tavern, Inc. v. Ohio Liquor Control Comm.*, 2010-Ohio-1025, ¶ 11.

{¶ 20} Here, the trial court entered summary judgment in favor of WesBanco and issued a corresponding judgment decree in foreclosure in March 2012.  Appellants did not appeal those orders.  Instead, eight months later, they filed a common-law motion to

---

[2] In *Finney*, at ¶ 25, we noted the Supreme Court of Ohio has found the decision of the Ninth District Court of Appeals in *Bank of Am., N.A. v. Kuchta*, 9th Dist. No. 12CA00-25-M, 2012-Ohio-5562, to be in conflict with our decision in *PNC Bank, N.A. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, on the following issue: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment." *Bank of Am., N.A. v. Kuchta*, 135 Ohio St.3d 1430, 2013-Ohio-1857.  We further noted, in resolving this issue, the Supreme Court may provide additional guidance regarding the proper interpretation of *Schwartzwald*.  In the interim, we are going to continue to follow our precedent established at ¶ 22 of *Botts* and ¶ 27 of *Whiteman*. *Finney* at ¶ 26.

vacate the orders. They relied on *Schwartzwald* and argued that WesBanco failed to invoke the jurisdiction of the trial court because WesBanco failed to establish it was the real party in interest with standing at the time it filed its cross-claim. Therefore, appellants contended the March 2012 orders were void. The trial court denied appellants' motion to vacate on January 9, 2013, and appellants appealed.

{¶ 21} Now before this court, appellants again argue that WesBanco failed to establish it was the real party in interest and that it had standing; therefore, they contend the trial court lacked jurisdiction. Appellants urge us to find error with the trial court's decision to deny their common-law motion to vacate. However, as explained in *Finney*, a lack of standing does not deprive the trial court of subject-matter jurisdiction. *Finney* at ¶ 26. Therefore, even if appellants' arguments had merit, the March 2012 orders entered in favor of WesBanco would be, at best, voidable and not void. *Id.* Thus, the trial court correctly refused to exercise its inherent authority to vacate the March 2012 orders. On this basis alone, we could overrule appellants' assignment of error. However, we elect to further address the merits of appellants' arguments.

{¶ 22} Appellants argued in their motion to vacate, and they assert here on appeal, that WesBanco failed to establish it was the real party in interest with standing to seek foreclosure because the documentation attached to WesBanco's cross-claim, as well as WesBanco's summary judgment evidence, was technically flawed and, thus, insufficient to establish said status. Appellants rely on Civ.R. 56, various rules of evidence, and other authority to support their position. However, appellants' technicality-based arguments cannot overcome the fact that they failed to object to WesBanco's summary judgment evidence. Therefore, the trial court was within its discretion to consider the evidence. *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 14; *Dunigan v. State Farm Mut. Auto. Ins. Co.*, 9th Dist. No. 03CA008283, 2003-Ohio-6454, ¶ 16 ("In a circumstance where the opposing party fails to raise an objection to improperly-brought evidence in a summary judgment context, the trial court nevertheless has the discretion to consider such evidence.").

{¶ 23} Furthermore, "[a]lthough a court must determine whether standing exists by examining the state of affairs at the time the action commenced, its examination is not limited to the complaint's allegations or documents attached to the complaint. * * * A

court, therefore, evaluates standing by examining the allegations and/or evidence offered at each stage of litigation." *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 20. Therefore, the trial court was able to rely on WesBanco's summary judgment evidence, which included the documentation submitted with its cross-claim, as proof that WesBanco was the real party in interest with standing to seek foreclosure at the time it filed its cross-claim.

{¶ 24} WesBanco's summary judgment evidence included the certificate of merger from the state of West Virginia indicating that Oak Hill merged with and into WesBanco in 2008; the certification by Linda Woodfin stating that transactions affecting the former Oak Hill began to be legally transacted under the name WesBanco Bank, Inc. effective April 25, 2008; the note executed by Georgesville in favor of Oak Hill Banks, as well as alonges from 2008 and 2010 identifying WesBanco as the lender and signed by Ettayem as a member of Georgesville and guarantor; the mortgage entered between Georgesville, as mortgagor, and Oak Hill, as mortgagee; and the guaranty executed by Ettayem in favor of Oak Hill. Those documents were accompanied by an affidavit executed by Jack Green. Green attested that he had personal knowledge of the events and records pertaining to this foreclosure action, and that he had reviewed the records regarding the subject loan. He attested that the certificate of merger, the note together with the alonges, the mortgage, and the guaranty were all true and accurate copies. He further attested that appellants were in default on the note, mortgage, and guaranty.

{¶ 25} This evidence was left uncontroverted by appellants when they opposed WesBanco's motion for summary judgment. Appellants argued against summary judgment based only on the doctrines of laches and equitable estoppel. Appellants did not express any concern or otherwise assert that WesBanco was not the successor by merger to Oak Hill, that WesBanco was not the real party in interest, or that WesBanco lacked standing. On the contrary, appellants' own evidence (i.e. Ettayem's affidavit) detailed previous dealings with WesBanco, and Jack Green in particular, that evidenced appellants' understanding that WesBanco was the real party in interest with standing to seek foreclosure.

{¶ 26} It was not until appellants filed their motion to vacate that they called into question the previously uncontroverted certificate of merger. They pointed out it was a

copy instead of the original, and they argued that it was not properly authenticated by Green and Woodfin because neither explicitly stated that they compared the copy to the original. Therefore, appellants argued, WesBanco failed to establish that it was the successor by merger, and the real party in interest with standing as opposed to Oak Hill. The trial court rejected these arguments. Now, on appeal, appellants bring forth similar challenges to WesBanco's summary judgment evidence. Appellants do not dispute that Oak Hill, were it not merged out of existence and into WesBanco in 2008, would have the right to foreclose against appellants based on the note, mortgage, and guaranty. Appellants simply argue that WesBanco did not properly authenticate the certificate of merger.

{¶ 27} Appellants' arguments fail. As stated above, the trial court was free to consider the evidence submitted with WesBanco's motion for summary judgment, despite the technical flaws alleged now, because the evidence was not controverted during the summary judgment briefing. *Reed* at ¶ 14; *Dunigan* at ¶ 16. We elect to consider the same evidence. *See Reed* at ¶ 14-15. The certificate of merger, the certification by Woodfin, and the affidavit of Green, establish that Oak Hill merged with and into WesBanco in 2008. Through that merger, by operation of law, WesBanco succeeded to all the rights and obligations of Oak Hill under the note, mortgage, and guaranty. *Fidelity Tax, L.L.C. v. Hall*, 10th Dist. No. 12AP-923, 2013-Ohio-3165, ¶ 18-20. Thereby, WesBanco acquired standing to assert its cross-claim and became the real party in interest. *Id.* Appellants' challenge to the trial court's jurisdiction is unfounded. For this reason also, we overrule appellants' sole assignment of error.

## IV. APPELLANTS' PENDING MOTION

{¶ 28} Appellants have pending before this court a second motion to supplement the appellate record, which was filed on March 14, 2013. The purpose of that motion was to supplement the record with documentation relevant to appellants' March 11, 2013 motion to modify the bond set by the trial court as security for a stay of execution of judgment. This court denied the March 11, 2013 motion to modify on March 20, 2013. Furthermore, we just overruled appellants' sole assignment of error concluding this appeal. Therefore, appellants' March 14, 2013 second motion to supplement the record is denied as moot.

## V.  CONCLUSION

{¶ 29}  Accordingly, having overruled appellants' assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Motion denied;*
*judgment affirmed.*

**KLATT, P.J., and TYACK, J., concur.**

————————————————