[Cite as *Hazell v. Kroger Co.*, 2017-Ohio-1459.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ana I. Hazell, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-577 |
| v. | : | (C.P.C. No. 15CV-4632) |
| The Kroger Company et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 20, 2017

**On brief:** *Alicia R. Coleman*, for appellant. **Argued:** *Alicia R. Coleman.*

**On brief:** *Dickie, McCamey & Chilcote, P.C., Mary Barley-McBride*, and *Mary McWilliams Dengler*, for appellee The Kroger Co. **Argued:** *Mary Barley-McBride.*

**On brief:** *David Heinlein*, for appellee Home City Ice Co. **Argued:** *David Heinlein.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Ana I. Hazell, appeals the July 8, 2016 decision and entry granting summary judgment in favor of defendant-appellee, The Kroger Company ("Kroger"), and The Home City Ice Company ("Home City"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On June 1, 2015, appellant filed a complaint alleging that on May 30, 2013, while visiting the Kroger store located at 7000 East Broad Street, she slipped on a clear substance and fell to the ground. Appellant alleged she suffered severe and permanent

injuries as a result of the fall. Appellant further alleged that Kroger breached a duty of care owed to her as an invitee "in which a hazard was not timely discovered; a warning of the danger was not posted and the negligent failure to remedy the situation resulted in severe injuries to [her]." (Complaint at ¶ 10.) Appellant also alleged health insurance subrogation claims against the Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("Anthem"). On June 19, 2015, Anthem filed a cross-claim against Kroger alleging a subrogation claim. On June 25, 2015, Kroger filed an answer and third-party complaint against Home City alleging negligence, indemnity and contribution. Home City filed an answer to the third-party complaint on December 4, 2015.[1]

{¶ 3} On October 9, 2015, Kroger served on appellant interrogatories and request for production of documents. On May 4, 2016, Kroger served on appellant a notice to take appellant's deposition on May 20, 2016. Appellant was slow to respond to the discovery requests resulting in an order to compel, followed by several continuance requests on behalf of appellant. Ultimately, appellant was deposed by Kroger on June 2, 2016. Kroger filed the deposition on June 10, 2016. The deposition contained a certificate on the final page stating:

> I, Connie M. Willman, Notary Public in and for the State of Ohio, duly commissioned and qualified, certify that the within named Ana I. Hazell was by me duly sworn or affirmed to testify to the whole truth in the cause aforesaid; that the testimony was taken down by me in stenotypy in the presence of said witness; afterwards transcribed upon a computer; that the foregoing is a true and correct transcript of the testimony given by said witness taken at the time and place in the foregoing caption specified.
>
> I certify that I am not a relative, employee or attorney of any of the parties, or financially interested in the action.

---

[1] Neither the original nor the amended complaint filed by appellant include Home City as a defendant. Furthermore, Home City filed an answer on December 4, 2015 "for their Answer to The Kroger Company's Third Party Complaint." (Answer at 1.) Nevertheless, Home City filed its motion for summary judgment on June 14, 2016 moving this court for "an Order Granting Summary Judgment in [sic] its behalf, with regard to all of Plaintiff Ana Hazell's claims asserted against it." (Mot. for Sum. Jgmt. at 1.) It is not apparent to this court that appellant filed any claims against Home City. Notwithstanding, the trial court granted Home City's motion for summary judgment, finding that "even in reviewing all the evidence and facts in a light most favorable to Hazell, the court finds that Hazell cannot establish that Kroger or Home City breached the duty of care owed to her." (Decision and Entry at 7.) Kroger's third-party complaint against Home City for negligence, indemnity and contribution was not addressed by the trial court. However, since the claims against Kroger have been dismissed, it is unclear whether the third-party claims survive. Nevertheless, because the trial court designated its July 8, 2016 judgment as "a final appealable order" and noted that "[t]here is no just cause for delay," we will consider this appeal. (Decision and Entry at 7.)

> IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Columbus, Ohio, on this 8th day of June, 2016.

(Emphasis sic.)   The certificate was signed by Connie M. Willman, notary public and registered professional reporter, registered merit reporter.

{¶ 4}   The same day, June 10, 2016, Kroger filed a motion for summary judgment with regard to all appellant's claims.   On June 14, 2016, Home City filed a motion for summary judgment with regard to all appellant's claims asserted against it.   (*See* fn. 1.) The record does not contain any memoranda contra filed by appellant in opposition to the motions.[2]

{¶ 5}   On July 8, 2016, the trial court granted the motions for summary judgment in favor of Kroger and Home City and dismissed appellant's claims and the complaint. The court further dismissed Anthem's cross-claim for subrogation.

## II.  Assignments of Error

{¶ 6}   Appellant appeals and assigns the following three assignments of error for our review:

> I. Whether the Trial Court erred in granting summary judgment, when Defendant, Home City Ice Company, failed to properly present a document/evidence to support a Motion for Summary Judgment.
>
> II. Whether the Trial Court erred in granting summary judgment, when Defendant, The Kroger Company, relied upon a deposition transcript that was not authenticated and, therefore not acceptable evidence for summary judgment purposes pursuant to by Civ.R. 56(C).
>
> III. Whether the Trial Court erred in not ruling that the Defendants had failed to satisfy the initial burden of showing the absence of a genuine issue of material fact.

Because they are interrelated, we will discuss all three assignments of error together.

---

[2] Appellant states in her brief that she filed her memorandum contra on July 8, 2016, but that she received a "non-acceptance notice" from the clerk of court's office on July 11, 2016 indicating the memorandum was not properly signed. The record indicates that on July 8, 2016, appellant filed her response to Kroger's interrogatories, but the response is not accompanied by any memorandum contra. Notwithstanding, the "non-acceptance notice," the court notes any memorandum contra filed on July 8, 2016 would have been untimely filed. The record does not reveal any request for or granting of an extension of time to file a memorandum contra.

## III. Discussion

{¶ 7} The crux of appellant's argument in support of all three assignments of error is that the evidence considered by the trial court when granting summary judgment was either deficient or insufficient. In the first assignment of error, appellant argues specifically that Home City did not present any evidence in support of its motion for summary judgment. In the second assignment of error, appellant argues the transcript of appellant's deposition, filed by Kroger, did not meet the criteria set forth in Civ.R. 30(E) and *Deutsche Bank Natl. Trust v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657. In the third assignment of error, appellant reiterates her arguments made in support of the first and second assignments of error and argues that, for those reasons, the granting of summary judgment in favor of Kroger and Home City was in error.

{¶ 8} As noted above, appellant did not file a memorandum in opposition to Kroger's or Home City's motions for summary judgment. Furthermore, appellant did not object in any other way to any of Kroger's or Home City's summary judgment evidence or lack thereof. Therefore, the trial court was free to consider the evidence presented by Kroger and Home City. *Leonard v. Georgesville Ctr., LLC*, 10th Dist. No. 13AP-97, 2013-Ohio-5390, ¶ 22, citing *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 14. Courts may consider other forms of evidence than those specified in Civ.R. 56(C) if there is no objection to the evidence. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17. In *Wolfe v. AmeriCheer, Inc.*, 10th Dist. No. 11AP-550, 2012-Ohio-941, and *Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 16, we determined that a trial court can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents was raised in the trial court. *Citizens Banking Co. v. Parsons*, 10th Dist. No. 11AP-480, 2014-Ohio-2781, ¶ 15. *See also Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14 ("If a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal."). Likewise, here, appellant has waived her arguments regarding deficient evidence and, as such, the trial court could consider non-complying documents, if any, when considering the motions for summary judgment.

{¶ 9} Therefore, considering whether the trial court erred in granting summary judgment, we will consider the same evidence that was before the trial court on the summary judgment motions. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

{¶ 10} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293. Finally, we must view all the evidentiary material in a light most favorable to the non-moving party.

{¶ 11} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard.

{¶ 12} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981), citing *Feldman v. Howard*, 10

Ohio St.2d 189, 193 (1967). As such, courts must first consider whether a defendant was negligent and breached a duty of care owed to the plaintiff. In the context of a business owner and its invitees, the duty of care owed is "ordinary care in maintaining the premises in a reasonably safe condition so as not to unnecessarily and unreasonably expose invitees to danger." *Watkins v. Scioto Downs, Inc.*, 10th Dist. No. 15AP-985, 2016-Ohio-3141, ¶ 9. The Supreme Court of Ohio has found, however, that a store is not an insurer of an invitee's safety against all accidents that may occur. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). In *Barker v. Wal-Mart Stores, Inc.*, 10th Dist. No. 01AP-658 (Dec. 31, 2001), this court held:

> [A] store is not liable for a customer's injuries unless the customer can show: (1) the store, through its officers or employees, placed the substance on the floor; (2) at least one of the store's officers or employees had actual knowledge of the presence of the substance and failed to remove it or warn the customer, or (3) the substance had been on the floor long enough that the store officers or employees should have known of its presence and removed it or warned the customer.

*See also McDowell v. Target Corp.*, 10th Dist. No. 04AP-408, 2004-Ohio-7196, ¶ 7.

{¶ 13} Having independently reviewed the motions for summary judgment and viewing appellant's deposition in a light most favorable to appellant, we find, as did the trial court, there is no genuine issue of material fact that appellant cannot establish that Kroger or Home City breached the duty of care owed to her. In particular, we note appellant's statements regarding her observation that two gentlemen were delivering ice at the time she was exiting the store:

> [Hazell]: It was some guys, they were in there delivering -- I believe they were delivering ice. They were in the exit and they were right in front of me after I checked out. I did not see the water dripping or anything. I was paying attention to make sure they didn't back up as I was going out.
>
> * * *
>
> As I was leaving the checkout stand while I was checking out they were still unloading the ice.
>
> * * *

[Counsel]: When you were behind them for a brief while did you see any water dripping from the forklift or the pallets that they had?

[Hazell]: No.

* * *

[Counsel]: You don't know -- you didn't see them drop any water on the floor?

[Hazell]: No, I didn't

[Counsel]: You don't know how that water got on the floor?

[Hazell]: No.

[Counsel]: You don't know when that water got on the floor?

[Hazell]: No.

[Counsel]: You don't know how long the water had been on the floor?

[Hazell]: No.

(Hazell Depo. at 30, 35-36.)    Therefore, Kroger and Home City are entitled to judgment as a matter of law.  Accordingly, we overrule appellant's three assignments of error.

## IV.  Conclusion

{¶ 14} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

———————————